# EXHIBIT A

CASE 0:22-cv-00086-JRT-LIB   Doc. 1-1   Filed 01/14/22   Page 1 of 10

DocuSign Envelope ID: 06160D1E-3F64-4ADB-8749-57FCF4295706

STATE OF MINNESOTA                     DISTRICT COURT
COUNTY OF STEARNS                      SEVENTH JUDICIAL DISTRICT
                                       CASE TYPE: CIVIL OTHER/MISC.

Court File No. Unfiled
Assigned Judge: Unassigned

Becky Berscheid,
Plaintiff,

vs.                                    **SUMMONS**

Experian Information Solutions, Inc.,
Defendant.

THIS SUMMONS IS DIRECTED TO Experian Information Solutions, Inc.,

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

5201 Eden Avenue
Suite 300
Edina, MN 55436

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: December 21, 2021          Respectfully Submitted,

                                  PETERSON LEGAL, PLLC

                                  /s/ Ryan D. Peterson
                                  Ryan D. Peterson (#0389607)
                                  5201 Eden Avenue, Suite 300
                                  Edina, MN 55436
                                  (612) 367-6568
                                  ryan@peterson.legal
                                  ATTORNEY FOR PLAINTIFF

2

| | |
|---|---|
| **STATE OF MINNESOTA**<br>**COUNTY OF STEARNS** | **DISTRICT COURT**<br>**SEVENTH JUDICIAL DISTRICT**<br>**CASE TYPE: CIVIL OTHER/MISC.** |
| | Court File No. Unfiled<br>Assigned Judge: Unassigned |
| Becky Berscheid,<br>Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc.,<br>Defendant. | **COMPLAINT** |

PLAINTIFF, as and for her cause of action (i.e., violation of the Fair Credit Reporting Act) against the above-named defendant, states and alleges as follows:

### Introduction

1. The following case alleges violations of the federal Fair Credit Reporting Act. Midland Credit Management, Inc. ("Midland") sued Plaintiff in state conciliation court for a credit account it allegedly purchased. The judge in conciliation court found that Plaintiff failed to meet its burden to prove that it owned the account, and the judge dismissed Midland's claim with prejudice. Notwithstanding this result, Midland continued to furnish the nationwide credit bureaus information that Plaintiff still owed it money. Plaintiff sent a dispute to

3

Defendant Experian in order to correct the Midland tradeline. Instead, Defendant did nothing other than verify Midland's information. Consequently, Plaintiff brings this action.

## Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Fair Credit Reporting Act, 15 U.S.C. §§1681n & o.

## Venue

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Stearns.

## Parties

4. Plaintiff Becky Berscheid is an adult resident of Stearns County, Minnesota.

5. Defendant Experian Information Solutions, Inc., ("Experian") is a foreign limited liability company registered to conduct business in the state of Minnesota.

## Facts

8. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1681(c).

9. Defendant Experian is, and at all times mentioned herein was, a "consumer reporting agency" as defined by 15 U.S.C. §1681(f).

10. On or about May 6, 2020, Midland filed a conciliation court action in Stearns County Conciliation Court against Plaintiff Becky Berscheid. Said action was assigned court file no. 73-CO-20-439 ("the Action").

11. In its Statement of Complaint and Summons, Midland claimed it had purchased an account from Credit One Bank, N.A. upon which Ms. Berscheid allegedly owed money ("the Account").

12. On or about October 6, 2020, a hearing took place in the Action in which Ms. Berscheid contested Midland's right to collect upon the Account.

13. On or about October 7, 2020, Judge Nathaniel D. Welte issued an Order for Judgment on Claim and Counterclaim in which he dismissed Midland's claim with prejudice ("the Judgment").

14. In his decision, Judge Welte found that Midland failed to establish ownership of the Account.

15. Pursuant to the Minnesota General Rule of Practice 515, the Judgment was stayed for a period of 21 days to allow Midland the opportunity to remove the Action to district court and have the Judgment vacated.

16. Midland did not appeal the Action and the Judgment became final on or about November 9, 2020.

17. On or about December 11, 2020, Ms. Berscheid obtained a copy of her credit file from Defendant Experian.

18. Ms. Berscheid discovered that Midland was continuing to falsely report that she was indebted to it on the Account.

19. On or about December 22, 2020, Ms. Berscheid disputed the Account balance with the three nationwide consumer reporting agencies, Experian, Equifax, and TransUnion, by telling them that she did not owe Midland any money and included a copy of the Judgment.

20. Experian failed to respond to Plaintiff's dispute entirely.

21. On or about March 31, 2021, Plaintiff disputed the Account balance a second time by mail and attaching a copy of the previously sent Judgment.

22. Experian again failed to respond to or acknowledge the dispute.

23. On or about August 11, 2021, Plaintiff disputed the Account balance a third time by mail and attaching a copy of the previously sent Judgment.

24. Experian again failed to respond to or acknowledge the dispute.

25. On or about October 4, 2021, Plaintiff disputed the Account balance a fourth time by mail and attached a copy of the previously sent Judgment.

26. Experian again failed to respond to or acknowledge the dispute.

27. Pursuant to 15 U.S.C. §1681i, a consumer reporting agency has 30 days in which to conduct a reinvestigation of any information disputed by a consumer, after which it is required to send notice of the results of its reinvestigation to the consumer.

28. Despite Plaintiff sending four separate disputes, Experian did not notify Plaintiff of the results of said disputes.

29. Upon information and belief, Defendant Experian either failed to conduct any reinvestigations or failed to apprise Plaintiff of the results of its reinvestigations in violation of 15 U.S.C. §1681i.

30. As a result of the Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

### Specific Claims

Count I– Negligent Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute negligent violations of the FCRA, including, but not limited to, 15 U.S.C. § 1681i.

Count II– Knowing and/ or Willful Violations of the Fair Credit Reporting Act 15 U.S.C. §1681 Et Seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute knowing and willful violations of the FCRA, including, but not limited to, 15 U.S.C. § 1681i.

### Jury Demand

35. Plaintiff hereby demands a trial by jury.

### Prayer for Relief

36. WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages;

    c. Reasonable attorney's fees, litigation expenses, and cost of suit; and

    d. Any other relief deemed appropriate by this Honorable Court.

Dated: December 21, 2021    Respectfully Submitted,

PETERSON LEGAL, PLLC

/s/ Ryan D. Peterson
Ryan D. Peterson (#0389607)
5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

**ATTORNEY FOR PLAINTIFF**

**Acknowledgement**

Ryan D. Peterson, by signing above, acknowledges that costs, disbursements, witness fees, and reasonable attorneys' fees may be awarded, pursuant to Minnesota Statutes § 549.211, for a party acting in bad faith or asserting a frivolous claim.

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Becky Berscheid, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 21st day of December 2021.

DocuSigned by:
*Becky Berscheid*
91673FC8EA714D8...

Becky Berscheid

9