UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BECKY BERSCHEID,

                              Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

                              Defendant.

Civil No. 22-086 (JRT/LIB)

**ORDER DENYING PARTIES' REQUESTS TO FILE MOTIONS TO RECONSIDER**

Anthony P. Chester, **CHESTER LAW PLLC**, 8400 Normandale Lake Boulevard, Suite 920, Bloomington, MN 55437; Ryan D. Peterson, **CONSUMER ATTORNEYS, PLC**, 6600 France Avenue, Suite 602, Edina, MN 55435, for Plaintiff.

Chelsea Bollman, **JONES DAY**, 90 South Seventh Street, Suite 4950, Minneapolis, MN 55402; Christopher Adam Hall, **JONES DAY**, 110 North Wacker, Suite 4800, Chicago, IL 60606, for Defendant.

On March 4, 2024, the Court issued an order granting in part and denying in part Defendant Experian Information Solutions, Inc.'s ("Experian") motion for summary judgment and denying Plaintiff Becky Berscheid's motion for summary judgment. Experian and Berscheid both filed letters requesting permission to file motions for clarification or reconsideration under Local Rule 7.1(j). The Court will deny both requests.

**DISCUSSION**

Under the Local Rules, after demonstrating compelling circumstances, a party may file a motion to reconsider with the permission of the Court. D. Minn. L.R. 7.1(j). Motions

to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation and citation omitted). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Experian requests permission to clarify two issues: (1) that there has been no finding that Berscheid's debt is legally uncollectible or that Experian's reporting was inaccurate as a matter of law, and (2) that Berscheid cannot sustain a cause of action related to her second dispute. The Court can clarify these issues without the need for more briefing. First, the Court's March 4, 2024 Order did not hold that Berscheid's debt is legally uncollectible or that Experian's reporting was inaccurate as a matter of law. Instead, the Order held there is a material question of fact on whether, given what the state court judgment says, it was materially misleading to continue to report the debt on Berscheid's account. (Order ("Summary Judgment Order") at 13, Docket No. 173.) The Court concluded that a jury could find that, given the ambiguous state court judgment that could indicate the debt is legally uncollectible, it was materially misleading for Experian to continue to report the debt on Berscheid's account, especially without attaching the state court judgment or explaining that the debt may be uncollectible. As a result, Berscheid raised a genuine issue of material fact on the question of accuracy.

(*Id.*)  Second, consistent with the Court's March 4, 2024 Order, Berscheid cannot sustain a cause of action related to her second dispute because Experian deleted the debt from her report 30 days after it received her dispute, in accordance with the Fair Credit Reporting Act's ("FCRA") requirements.  (*See* Summary Judgment Order at 11 ("When a consumer disputes information included in their credit report, the FCRA requires CRAs to 'conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file' within 30 days of receiving the dispute.") (citing 15 U.S.C. § 1681i(a)(1)(A); *Reed v. Experian Info. Sols., Inc.*, 321 F. Supp. 2d 1109, 1113 (D. Minn. 2004)).)  Because Experian complied with the FCRA's requirements by timely deleting the account from her credit report after Berscheid's second dispute, Berscheid cannot sustain a cause of action for the second dispute.  Since the Court has now clarified the issues raised by Experian, it finds no "compelling circumstances" that would justify its request to file a motion to reconsider.

Berscheid argues that her request should be granted because the Court's March 4, 2024 Order erred in concluding that Experian did not commit a willful violation of the FCRA as a matter of law.  Rather, Berscheid contends willfulness is a question best left for a jury.  However, summary judgment is appropriate when there remain no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court's Order clearly explained the Court's

conclusion that there were no genuine issues of material fact regarding the question of willfulness, as Berscheid failed to present sufficient evidence of a knowing and intentional violation of the FCRA. (Summary Judgment Order at 18–19.) Berscheid's letter to reconsider merely repeats the arguments she made in writing and orally before the Court on her motion for summary judgment. Thus, in effect, Berscheid attempts to take a "second bite at the apple," which is prohibited under the Local Rules. Accordingly, Berscheid has also failed to demonstrate the "compelling circumstances" necessary to justify her request.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that**:

1. Defendant's Request to File a Motion to Reconsider [Docket No. 174] is **DENIED**;

2. Plaintiff's Request to File a Motion to Reconsider [Docket No. 175] is **DENIED**; and

3. Pursuant to the Court's Summary Judgment Order [Docket No. 173], Plaintiff cannot seek liability from Defendant for the second dispute.

DATED: May 9, 2024　　　　　　　　　　　　　　　　*John R. Tunheim*
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge